LIMUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ENDER FARIA,

    Plaintiff,

vs.                            CASE NO.:

LIMA INVESTMENT SOLUTIONS
LLC d/b/a FAST WAY AUTO
SERVICES, a Florida Limited
Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ENDER FARIA ("Plaintiff"), by and through the undersigned attorneys, sues the Defendant, LIMA INVESTMENT SOLUTIONS LLC d/b/a FAST WAY AUTO SERVICES, a Florida Limited Liability Company ("FAST WAY" or "Defendant"), and brings this action for unpaid overtime compensation, minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. §216(b) and 29 U.S.C. §§206(a) and 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 6(a) of the FLSA requires employers to pay covered employees at least

the statutory minimum wage for all hours worked per workweek. 29 U.S.C. §206 (a).

4. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

5. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

6. To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

7. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

9. At all times material hereto, Plaintiff was a resident of Orange County, Florida.

10. Defendant, FAST WAY, conducts business in, Orange County, Florida, therefore

venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

11. Defendant, FAST WAY, a Florida Limited Liability Company, is in the business of operating an auto service business with offices located at 3959 Town Center Blvd., Suite 657, Orlando, Florida 32837.

12. Plaintiff was employed by Defendant as a service agent from on or around December 2017 through November 2018.

## COVERAGE

13. At all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14. At all material times, Defendant was an "employer" as defined by 29 U.S.C. § 203(d).

15. Based upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

16. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

  c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. cars, cleaning supplies, computers, and/or office supplies).

17. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

18. Defendant, FAST WAY, is a company classified as an auto services company.

19. Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

20. Plaintiff was an employee of Defendant within the meaning of the FLSA.

21. Plaintiff was given the title of service agent and performed driving and cleaning duties during his employment with Defendant.

22. Plaintiff performed driver/cleaner duties for Defendant from on or around December 2017 to November 2018.

23. Throughout his employment, Plaintiff earned an hourly rate equivalent to the statutory minimum wage rate in exchange for work performed for Defendant.

24. Defendant routinely improperly deducted $2.00 per day from Plaintiff's pay.

25. As a result, Defendant failed to pay Plaintiff at least the statutory minimum wage rate for all hours worked per workweek as required by the FLSA.

26. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendant.

27. Despite working more than forty (40) hours per week during one or more workweeks, Defendant failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for all hours worked over forty (40) in a workweek. Instead,

Defendant paid Plaintiff his regular hourly rate for each of his overtime hours, contrary to §207(a) of the FLSA.

28. As a result, Plaintiff did not earn proper overtime compensation during one or more workweeks throughout his employment with Defendant.

29. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiff.

30. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

31. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

32. Defendant failed to maintain proper time records as mandated by law.

33. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

### COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above.

35. Plaintiff was entitled to earn the statutory minimum wage rate for all hours worked per week while employed by Defendant pursuant to the FLSA.

36. Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during his employment with Defendant pursuant to 29 C.F.R. 778.5.

37. Defendant failed to compensate Plaintiff at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks throughout his employment with Defendant.

38. Defendant was aware of the laws which required that its employees be paid at least the statutory minimum wage for all hours worked per workweek.

39. Despite its knowledge of these laws, Defendant violated the FLSA's provision on minimum wages (29 U.S.C. §206).

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

41. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff his proper minimum wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

  a. Awarding Plaintiff his unpaid minimum wages;
  b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;
  c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above.

45. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

46. During his employment with Defendant, Plaintiff worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

47. Plaintiff should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

48. Defendant had knowledge of the overtime hours worked by Plaintiff.

49. Defendant is aware of the laws which require its employees to be paid overtime compensation on a week by week basis.

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

51. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff his proper overtime wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

52. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

53. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 19 day of March, 2019.

Kimberly De Arcangelis, Esquire
FBN 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 245-3383
Email: KimD@forthepeople.com
Attorneys for Plaintiff