UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ENDER FARIA,

      Plaintiff,

                              CASE NO.: 6:19-CV-00535-RBD-GJK

vs.

LIMA INVESTMENT SOLUTIONS
LLC D/B/A FAST WAY AUTO
SERVICES,

      Defendant.

_____/

**MOTION FOR ENTRY OF DEFAULT FINAL
JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, ENDER FARIA, ("Plaintiff"), files this Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law against Defendant, LIMA INVESTMENT SOLUTIONS, LLC, d/b/a Fast Way Auto Services ("LIMA") ("Defendant"), and states:

1. On March 19, 2019, Plaintiff, ENDER FARIA, filed a Complaint for unpaid overtime and minimum wage violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. On March 29, 2019, Defendant was served with a summons and a Copy of the Complaint at their principal place of business. (Doc. 13).

3. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, and in accordance with Eleventh Circuit precedent, Defendant, LIMA was required to file, through counsel, a pleading in response to the Complaint within twenty one (21) days of

being served with the Complaint. As a result, Defendant's response to the Complaint was due on or before April 19, 2019.

4. Defendant failed to serve any paper on the undersigned in response to the Complaint. Plaintiff thereafter moved for a Clerk's Default on May 3, 2019. (Doc 14).

5. On May 6, 2019, the Clerk entered a Default against Defendant. (Doc. 15).

6. As of the filing of the instant Motion, Defendant has not retained counsel of record, filed any motion or pleading in response to the Complaint, and as a result, Defendant has failed to serve any paper on the undersigned or file any paper required by law in response to the Complaint. Accordingly, Plaintiff now requests a Default Final Judgment in his favor and against Defendant.

7. Plaintiff, ENDER, FARIA, is owed a total of approximately $1,785.26, in unpaid minimum and overtime wages, plus an equal amount in liquidated damages for a total of $3,570.51. *See* 29 U.S.C. §216(b). *See also* Plaintiff's Declaration attached as **Exhibit "A".**

8. During all of his workweeks, Plaintiff was in possession of his records which allowed him to calculate precise overtime and minimum wages due to him.

9. An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Joiner v. City of Macon,* 814 F.2d 1537 (11th Cir. 1987). In this case, Defendant, by virtue of having failed to respond to the Complaint, failed to meet its burden to oppose the imposition of liquidated damages.

10. An additional element of Plaintiff's claim is the recovery of attorneys' fees and costs. Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceedings to enforce the provisions of the FLSA. The Complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA. Although entitled to same, Plaintiff does not seek to recover his attorneys' fees incurred in this matter.

11. Taxable costs incurred in this matter total $460.00. To authenticate the costs incurred, counsel for Plaintiff has provided an Affidavit and ledger evidencing costs attached hereto as **Exhibit "B".**

12. By executing this Motion, counsel for Plaintiff certifies that he has fully reviewed the supporting data in support of such Motion and that this Motion is well grounded in fact and justified.

13. Accordingly, Plaintiff now requests a Default Final Judgment in his favor and against Defendant, LIMA INVESTMENT SOLUTIONS, LLC, d/b/a Fast Way Auto Services.

**MEMORANDUM OF LAW**

**I.   Standard of Review**

"A court may enter default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment." *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008); *see also Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, "a court must examine the sufficiency of the allegations in the

complaint to determine whether the plaintiff is entitled to a default judgment." *Id*. Additionally, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather the [c]ourt determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D.Fla.1999). If the court finds that default judgment is warranted, "the court may hold a hearing for the purpose of assessing damages." *Gomes v. Nationwide Janitorial & Flooring Servs., Inc.*, No. 606CV-929-ORL-31KRS, 2007 WL 737584, at *1 (M.D. Fla. Mar. 7, 2007). "However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages." *Id.*

**II.   Defendant is Liable for Plaintiff's Damages.**

As established by the Eleventh Circuit in *Secretary of Labor v. Labbe*, "the requirements to state a claim of a FLSA violation are quite straightforward." 319 F. App'x 761, 763 (11th Cir. 2008). The elements that a plaintiff must show "are simply a failure to pay overtime compensation and/or minimum wages to covered employees . . . in accordance with the Act." *Id*. "There is no need to prove intent or causation." *Id.* at 763. Additionally, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).

In defaulting, the Defendant here has admitted that Plaintiff worked for Defendant as an hourly paid employee. *See* D.E. 1, at ¶¶ 23. Defendant also admitted that it is

4

Plaintiff's "employer" under the FLSA. *Id.* at ¶¶ 14, 19-20. Defendant, LIMA, also admitted that it is an enterprise covered by the FLSA. *Id.* at ¶¶ 13-17. Additionally, Defendant admitted that it failed to pay Plaintiff proper minimum wages and overtime compensation, *Id.* at ¶¶ 25-29, 31, 37-41.

In light of the foregoing, Plaintiff has established each of the elements to prove Defendant violated the FLSA and is liable to him for his unpaid wages. Specifically, Plaintiff has established that (1) he was employed by Defendant; (2) he was an employee covered by the FLSA; (3) as a result of being covered by the FLSA, he was entitled to overtime compensation and minimum wages; (4) he worked overtime hours; (5) he was not paid overtime compensation for all overtime hours worked; and (6) he was not paid minimum wages for all hours worked. As such, Plaintiff has established that Defendant is liable for failure to comply with the FLSA and obligated to pay Plaintiff damages for said violations. *See Labbe*, 319 F. App'x at 763.

**III.     Plaintiff's Damages.**

    **A.     Plaintiff's Unpaid Overtime and Minimum Wages**

The Eleventh Circuit has established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999). Where a defendant has failed to answer a complaint, courts routinely find that a plaintiff's affidavit is sufficient

5

to evidence the amount of work performed, and the amount of damages owed. *See Gomes v. Nationwide Janitorial & Flooring Servs., Inc.*, No. 606CV-929-ORL-31KRS, 2007 WL 737584, at *2-3 (M.D. Fla. Mar. 7, 2007); *Westberry v. William Joule Marine Transp., Inc.*, No. 8:12-CV-486-T-30TGW, 2013 WL 2382279, at *1 (M.D. Fla. May 30, 2013); *Trujillo v. Superior Hotels, Inc.*, No. 6:06CV1155ORL18UAM, 2007 WL 2114288, at *3 (M.D. Fla. July 20, 2007).

In this case, Plaintiff submitted an affidavit detailing the amount and extent of work he performed for which he was not properly compensated. Plaintiff has alleged that he is owed minimum wage and overtime compensation and has provided calculations that illustrate that he is owed a total of $1,785.26 in unpaid minimum wages and overtime compensation. *See* Exhibit "A" at ¶8.

### B. Plaintiff's Liquidated Damages

Any employer who violates the overtime and minimum wage provisions of the FLSA "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b)). "An employer who seeks to avoid liquidated damages bears the burden of proving that its violation was 'both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.'" *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (citations omitted). "If the employer fails to demonstrate good faith, <u>liquidated damages are mandatory</u>." *Id.* (citations omitted) (emphasis added).

In this case, in failing to answer the Complaint, not only has Defendant failed to demonstrate good faith, but has in fact admitted that it did not have a good faith basis for its failure to comply with the FLSA, and this failure to comply was intentional and willful. *See* D.E. 1, at ¶¶ 35-39, 40-43, 50-53. As such, Defendant is liable to pay liquidated damages in an additional amount equal to the amount of Plaintiff's unpaid wages. Therefore, Plaintiff is owed a total of $3,570.51 representing $1,785.26 in unpaid overtime and minimum wage compensation and $1,785.26 in liquidated damages. *See* Exhibit "A" at ¶8.

Due to the fact that Plaintiff has presented sufficient evidence to show the amount of work performed and the amount of damages owed by virtue of his affidavit, no hearing is necessary.

### C. Attorney's Fees and Costs

An additional element of Plaintiff's claim is the recovery of attorney's fees and costs. Specifically, 29 U.S.C. § 216(b) authorizes an award of attorney's fees and costs to the prevailing plaintiff(s) in any proceedings to enforce the provisions of the FLSA. The Complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA. A prevailing Plaintiff's fee in an FLSA matter is mandatory. *See Weisel v. Singapore Joint Venture, Inc.,* 602 F. 2d. 1185 (5th Cir. 1979). However, Plaintiff is not seeking an award of attorneys' fees in this case. Instead, Plaintiff is only seeking the costs incurred in this matter. The FLSA approved costs incurred in this matter (filing fees and service of process) total $460.00. An Affidavit evidencing costs sought is attached hereto as **Exhibit "B"**.

WHEREFORE, Plaintiff, ENDER FARIA, respectfully requests the entry of a Final Default Judgment in his favor and against the Defendant, LIMA INVESTMENT SOLUTIONS, LLC, d/b/a Fast Way Auto Services, in the amount of $3,570.51 and an additional $460.00 in FLSA approved costs to Morgan & Morgan, P.A.

Dated: June 11, 2019

/s/ Kimberly De Arcangelis
Kimberly De Arcangelis, Esquire
FBN: 0025871
Morgan & Morgan, P.A.
20 North Orange Avenue
Suite 1600
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: None. A true and correct copy of the foregoing has also been furnished via U.S. Mail to Lima Investment Solutions, LLC, d/b/a Fast Way Auto Services, c/o Registered Agent, Nathaly Moraes-Alves, 3956 Town Center Blvd., #657, Orlando, Florida 32827.

/s/ Kimberly De Arcangelis
Kimberly De Arcangelis, Esquire