**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ENDER FARIA,**

        **Plaintiff,**

**v.**                                                   **Case No: 6:19-cv-535-Orl-37GJK**

**LIMA INVESTMENT SOLUTIONS**
**LLC d/b/a FAST WAY AUTO**
**SERVICES,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 18)** |
| **FILED:** | **June 11, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.  BACKGROUND.**

On March 19, 2019, Plaintiff filed a Complaint (the "Complaint") against Defendant. Doc. No. 1. Plaintiff, who was employed by Defendant as a service agent from December 2017 to November 2018, alleges that he was not paid overtime wages for work he performed in excess of forty hours per week and that he was not paid a proper minimum wage. Doc. No. 1. As a result, the Complaint asserts claims for unpaid overtime wages and minimum wages under the Fair Labor Standards Act ("FLSA"). *Id.*

On May 3, 2019, a return of service was filed, in which the process server averred that she served "Eric Lisee, a person in charge at recipient's private mailbox location at the address of 3956 Town Center Blvd., #657, Orlando, Florida 32827; the only address known after reasonable investigation and after determining that the person or business to be served maintains a mailbox at this location, in compliance with Florida Statute 48.031(6)." Doc. No. 13. [1] On May 3, 2019, Faria filed an amended Motion for Entry of Default, and the Clerk entered a default against Defendants on May 6, 2019. Doc. Nos. 14 and 15. On May 22, 2019, Plaintiff filed a motion for extension of time to file a motion for final default judgment which was granted by this Court on May 23, 2019. Doc. Nos. 16, 17.

On June 11, 2019, Plaintiff filed a Motion for Entry of Default Final Judgment (the "Motion"). Doc. No. 18. In addition to the Motion, Plaintiff filed affidavits in support of his claim for $1,785.26 in unpaid minimum wage and overtime wages, $1,785.26 in liquidated damages, and $460.00 in costs. Doc. Nos. 18-1, 18-2. Plaintiff is not seeking attorney's fees. Doc. No. 18 at 3.

## II.     STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pleaded factual allegations of the complaint, which are

---

[1] Plaintiff filed an earlier return of service that had a scrivener's error. Doc. No. 10.

assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To this end, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If a plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment. With respect to a request for damages, the plaintiff bears the burden of demonstrating entitlement to the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). No hearing is needed, however, "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See id.* at 1232 n.13; *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages"). A plaintiff may use affidavits in an effort to quantify the damages claim. *Adolph Coors*, 777 F.2d at 1544.

### III. ANALYSIS.

#### A. Clerk's Default.

Under the Federal Rules of Civil Procedure, a corporation may be served pursuant to: 1) the laws of the state where the district court is located or where service is made; or 2) the methods of service provided in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(h)(1). The Federal Rules of Civil Procedure and Florida law each provide that a corporation may be served by serving the corporation's registered agent. Fed. R. Civ. P. 4(h)(1)(B); Fla Stat. § 48.081(3)(a) (2016).

Service of process on a corporation may be made by service on a registered agent designated by the corporation. Fla. Stat. §§ 48.081(3)(c), 48.091. Pursuant to section 48.081(3)(b), Florida Statutes, "[i]f the address for the registered agent is a . . . private mailbox . .

. service on the corporation may be made by serving the registered agent . . . in accordance with" section 48.031, Florida Statutes. Service may be made by "leaving a copy of the process with the person in charge of the private mailbox" when the only address for a person to be served which is discoverable through public records is a private mailbox" at that location. Fla. Stat. § 48.031(5)(a).

Here, Defendant designated a registered agent for service and the address provided was a private mailbox. Doc. No. 13. This was the only address known after a reasonable investigation by the process server. Doc. No. 13. On March 29, 2019, Defendant was served via service on the person in charge of the facility where Defendant maintained a private mailbox. Doc. No. 13. Pursuant to the Affidavit of Service, service was proper. Doc. No. 13.

Defendant had twenty-one days from the date of service to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendant neither responded to the Complaint nor appeared in this action. Accordingly, the Clerk properly entered default against it. Fed. R. Civ. P. 55(a).[3]

### B. FLSA.

An employee engaged in interstate commerce must be paid an overtime wage of one and one-half times the regular rate for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). If an employee is not paid the statutory wage, the FLSA creates a private cause of action for that employee against the employer for the recovery of unpaid overtime wages and an equal amount of liquidated damages if the failure to pay overtime wages is found to be willful. *Id.* at §§ 216(b), 260. To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, the plaintiff must demonstrate the following: 1) the defendant employed her; 2) either (a) the defendant was engaged in interstate commerce, or (b) the defendant is an enterprise engaged in interstate commerce; 3) she worked over forty hours a week; and 4) the defendant did

---

[3] The Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1337. The Court also has personal jurisdiction over Defendant, as it is incorporated and conducts business in Florida. Doc. No. 1 at 2-3.

not pay her all of her overtime wages. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). To prevail on a claim for minimum wage compensation under FLSA, the plaintiff must establish the first two elements listed above, and, instead of the last two elements, establish that the defendant did not pay him the minimum wage. *Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08–cv–926–Orl–31KRS, 2009 WL 1607809, at *3 (M.D. Fla. June 9, 2009).

### 1. Employment.

As defined by the statute, and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of "employer" is similarly broad as it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* at § 203(d). Given the broad definition of "employer," an employee "may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)).

Plaintiff alleges and avers that he was an employee of Defendant. Doc. Nos. 1 at 4, 18-1. Plaintiff alleges that Defendant is an auto services company and that he worked as a service agent, performing driving and cleaning duties during his employment. Doc. Nos. 1 at 4, 18-1. Accepting these allegations and averments as true, the undersigned finds Plaintiff has sufficiently demonstrated that he was employed by Defendant.

### 2. Coverage for Overtime.

To be eligible for overtime wages under the FLSA, an employee must demonstrate that he is covered by the FLSA. *Josendis*, 662 F.3d at 1298. An employee may show that he is covered under the FLSA's overtime provision by demonstrating one of the following: 1) he was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or 2) the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage). *Id.* at 1298-99; 29 U.S.C. § 207(a)(1).

Here, Plaintiff maintains that Defendant was an enterprise covered by the FLSA throughout the relevant period. Doc. Nos. 1 at 3-4, 18 at 5. An enterprise is engaged in commerce or in the production of goods for commerce if it meets the following requirements:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]

29 U.S.C. § 203(s)(1)(A)(i)-(ii). A court "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008)).

Plaintiff alleges that Defendant has had an annual gross volume of sales made or business done of not less than $500,000 during the relevant time period. Doc. No. 1 at 3. Plaintiff alleges that Defendant has been an enterprise engaged in commerce or in the production of goods for commerce in that it had two or more employees engaged in commerce, or engaged in the

production of goods for commerce, or handling selling or working on goods or materials that have been moved or produced in commerce (i.e., cars, cleaning supplies, computers, and/or office supplies). Doc. No. 1 at 3-4. Accepting these allegations as true, the undersigned finds that enterprise coverage is sufficiently demonstrated.

### 3. Hours of Work per Week.

Plaintiff alleges and avers that certain weeks he worked in excess of forty hours per week during his employment with Defendant. Doc. Nos. 1 at 4-5, 18-1. Plaintiff has provided a spreadsheet detailing when he worked in excess of forty hours per week and was not paid overtime wages. Doc. No. 18-1 at 4. Accepting these allegations and averments as true, the undersigned finds that Plaintiff sufficiently demonstrated that he worked in excess of forty hours per week while employed by Defendant and that he was not paid overtime wages.

### 4. Unpaid Overtime and Failure to Pay Minimum Wage.

Plaintiff states in his affidavit that he was not paid the overtime premium rate of time and one half for any of the hours he worked in excess of forty hours per week. Doc. No. 18-1 at 1, 4. Plaintiff also states that he was not paid the statutory minimum wage for all of his hours worked. Doc. No. 18-1. Plaintiff states that he earned an hourly rate in exchange for the work he performed, but "Defendant would deduct $2.00 per day which caused my wages to fall below the statutory minimum wage." Doc. No. 18-1 at 3. Accepting these averments as true, the undersigned finds that Plaintiff sufficiently demonstrated that Defendant did not pay him a statutory minimum wage and did not pay him required overtime wages for all hours worked in excess of forty hours per week.

In light of the foregoing, it is **RECOMMENDED** that the Court find that Plaintiff sufficiently demonstrated that Defendant violated the FLSA's minimum wage and overtime

provision, 29 U.S.C. §§ 206 and 207(a)(1).

### C. Damages.

Plaintiff was entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty hours during a workweek. 29 U.S.C. § 207(a)(1). Plaintiff is also entitled to recover the difference between the hourly statutory minimum wage and the wage he received for the work he performed. 29 U.S.C. § 206(a)(1); *Wallace*, 247 F.R.D. at 682. In an FLSA case, the plaintiff bears the burden of proving, "with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980), *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988). A plaintiff may establish his or her damages by affidavit. *See Adolph Coors*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for [an] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Additionally, "employees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991)).

Plaintiff provides a detailed spreadsheet in support of his claim for both unpaid minimum wages and overtime wages. Doc. No. 18-1 at 4. The spreadsheet reflects weeks in which either or both violations occurred as well as weeks where neither violation occurred. Doc. No. 18-1 at 4. In light of the foregoing, the Court finds that Plaintiff's unpaid overtime wages and minimum wages are $1,785.25[4] based on the spreadsheet that reflects his hours worked, the amount of

---

[4] While the spreadsheet reflects a total of $1,785.26, the Court's calculation of the numbers provided by Plaintiff reflects a total of $1,785.25. Doc. No. 18-1 at 4. The damage totals have been adjusted accordingly.

overtime worked, his gross pay, what the calculated regular rate of pay was from week to week, and what additional overtime should have been paid. Doc. No. 18-1 at 4. On this record, the undersigned finds that Plaintiff provided sufficient evidence to support his request for unpaid overtime and statutory minimum wages.

Plaintiff also seeks an award of liquidated damages. Doc. Nos. 1, 18, and 18-1. Plaintiff alleges that Defendant willfully refused to pay him minimum wages and overtime wages. Doc. No. 1 at 5. Defendant has not presented any evidence of a good faith failure to pay minimum wages or overtime wages. Therefore, by virtue of Defendant's default, Defendant admits that it willfully violated the FLSA. *Ojeda-Sanchez*, 499 F. App'x at 902. As a result, the undersigned finds that Plaintiffs are entitled to an award of liquidated damages. Accordingly, it is **RECOMMENDED** that the Court award Plaintiff $1,785.25 in unpaid overtime and statutory minimum wages, plus an equal amount of liquidated damages.[5]

### D. Costs.

The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow . . . costs of the action." 29 U.S.C. § 216(b). In FLSA cases, courts may tax those costs permitted by 28 U.S.C. § 1920. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (finding that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A § 1920."). A court, though, may not tax costs "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302

---

[5] Because the undersigned recommends finding that the violations were willful, the applicable statute of limitations is three years. 29 U.S.C. § 255(a). Plaintiff's claims are within the statute of limitations, as he is only seeking damages from November 2017. Doc. Nos. 1, 18, and 18-1.

F.3d 1207, 1225 (11th Cir. 2002). The filing fee and fees for service of process are recoverable and reasonable. 28 U.S.C. § 1920(1). Accordingly, it is **RECOMMENDED** that the Court award $460.00 in costs.

IV.     **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 22) be **GRANTED** as follows:

1. The Court enter a judgment in favor of Plaintiff against Defendant for damages in the amount of $3,570.50;

2. The Court enter a judgment for costs in favor of Plaintiff against Defendant in the amount of $460.00; and

3. Direct the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on June 24, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy